Mora, Recurrente, v. El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas denegatoria de cancelación de crédito mencionado.

No. 444.—Resuelto en marzo 23, 1920.

Adjudicación para Pago de Bajas—Condominio—Cancelación.—Una adjudicación de cierta suma de dinero en una finca para el pago de las bajas y costas de una testamentaría constituye un derecho de condominio y no un gravamen que pueda cancelarse por el hecho de residir en una sola persona

los conceptos de deudor y acreedor; por lo que, para inscribir la totalidad de la finca a favor de tal persona, es necesario inscribir previamente dicho derecho de condominio a favor de la adjudicataria y de sus posteriores derechohabientes.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. Mena.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Parece que el Estado adquirió de algún modo un condominio en cierta finca y lo vendió a un tal Ulises Jordá y Maymí dejando a salvo los derechos y acciones que correspondían a doña Victoria Maymí por la adjudicación que a ella se le hizo en dicha finca por la suma de mil pesos para pago de bajas y costas causadas en la testamentaría hecha a la muerte de don Sebastián Jordá; que doña Victoria falleció y en la divisoria de los bienes que dejó se les adjudicó el crédito sobre el inmueble a su hija Matilde Darder Maymí, quien lo cedió a Manuel Ovalle; que Ovalle a su vez cedió el referido crédito a Francisco Delgado, quien falleció sin disposición testamentaria; que Rafael Delgado, después de hecha la declaratoria de herederos lo cedió a Gerónimo Matanzo y Matanzo a Nicolás Morera, quien de este modo vino a ser el dueño de toda la finca que está actualmente inscrita en el registro a favor del apelante Manuel Mora y Ruiz.

La escritura otorgada por Matanzo a favor de Morera fué presentada en el registro de la propiedad por Mora en unión de otras escrituras que constituían la cadena del título arriba reseñado, solicitándose la cancelación de la mención del crédito en el registro, mediante nota marginal por confusión de derechos. La referida cancelación fué denegada por el registrador, por las razones siguientes:

"Porque no apareciendo del registro previamente inscrito dicho gravamen mencionado en la referida inscripción 19 constituído a favor de Victoria Maymí, mediante la hijuela de adjudicación del

mismo por fallecimiento de la primera, no cabe considerar que Nicolás Morera Roselló, último concesionario en la cadena de títulos de cesión de dicho gravamen por la referida adjudicataria Matilde Darder Maymí que arriba se menciona, reuniera en sí al adquirir también la finca según consta de la inscripción 8 de la misma, los dos caracteres de acreedor y deudor, y que proceda ahora a solicitud del actual dueño del inmueble Manuel Morera Ruiz la cancelación de dicha mención por confusión de derechos, ya que ni el de Morera Roselló ni el de sus causantes constan inscritos previamente en el registro. Para cancelar esa obligación es indispensable o ejecutoria en que así se ordene o el consentimiento de la persona a cuyo favor está constituída o el de sus causa habientes o representantes legítimos, no siendo bastantes los documentos ni el escrito presentado, de acuerdo con los artículos 20, 29 y 82 de la Ley Hipotecaria. Se hace constar el defecto subsanable de no expresarse la medida superficial del solar."

Insiste el recurrente en que el registrador cometió los siguientes errores:

"*Primero:* Estimar que el crédito de mil pesos, mencionado como gravamen de la casa del recurrente, no quedó extinguido por confusión de derechos, al adquirir don Nicolás Morera Roselló, dueño del mismo, el inmueble gravado, por no aparecer dicho gravamen previamente inscrito en el registro.

"*Segundo:* Estimar que de acuerdo con los artículos 20, 29 y 82 de la Ley Hipotecaria, para cancelar la mención que interesa el recurrente no son suficientes los documentos presentados a tal fin por éste.

"*Tercero:* Estimar que existe el defecto subsanable de no expresarse la medida superficial del solar."

La alegación del recurrente tal como la resume, es la siguiente: Que si el derecho mencionado a favor de la señora Maymí se considera como un gravamen del inmueble, quedó extinguido por confusión de derechos al adquirir el inmueble el citado Nicolás Morera, toda vez que éste era el dueño del gravamen constituído sobre dicho bien y era imposible que subsistieran en él los dos opuestos caracteres de acreedor y deudor; y si se considera como representativo de un condominio por la suma a que ascendía al adquirir la finca el

señor Morera desapareció como entidad independiente, para refundirse en otra unidad de un orden superior, o sea en el pleno dominio de la misma finca perteneciente a dicho dueño, por lo cual en ambos supuestos dicho crédito quedó extinguido por ministerio de la ley.

El artículo 1160 del Código Civil revisado, en el cual se funda el recurrente, prescribe que ''quedará extinguida la obligación desde que se reunan en una misma persona los conceptos de acreedor y de deudor.'' Y cita el apelante el tomo 3 de Galindo, página 87 para sostener la proposición de que el artículo 20 de la Ley Hipotecaria sólo exige la previa inscripción en el caso de enajenación o gravamen, a diferencia de la mera cancelación. La proposición es lógica en teoría pero inaplicable a los hechos de este caso, pues en el presente caso nos encontramos frente a una comunidad y una serie de traspasos más bien que con una confusión de derechos entre deudor y acreedor.

De verificarse la cancelación solicitada la verdadera historia del título del recurrente, en tanto proviene de doña Victoria Maymí sería más o menos obscura, si no incompleta y no aparecería del registro toda la verdad respecto al particular, pues resultaría que el condominio que anteriormente poseía Victoria Maymí ha sido extinguido, cuando la verdad es que tal condominio solamente ha pasado a poder del dueño del otro condominio, revistiéndole así de un título a toda la propiedad. Existe cierta diferencia entre lo que es la extinción de un derecho y la enajenación de un derecho real, si bien, desde luego, la escritura produce el efecto de la extinción del derecho del vendedor.

El recurrente pretende en efecto que aparezca de la inscripción que él es el dueño de toda la propiedad sin presentar para ser inscrita la prueba de su título a una parte de la misma; y mientras no se presente de tal modo dicha prueba, no está el registrador en la obligación de ir más allá de lo necesario en su examen para resolver que está envuelta la cuestión de un traspaso de dominio a diferencia de

una mera cancelación de un derecho inscrito de propiedad. Una cuestión algo semejante fué considerada y resuelta en el caso de *Maldonado v. El Registrador,* 25 D. P. R. 838.

La simple lectura del sumario del caso de *Janer v. El Registrador,* 18 D. P. R. 7, también citado por el registrador será bastante para probar que no existe conflicto alguno entre la doctrina sentada en dicho caso y la conclusión a que aquí hemos llegado. La resolución de la Dirección General de los registros, de noviembre 5 de 1883 y el Real Decreto de abril 12 de 1884, son igualmente inaplicables.

Toda vez que la discusión hecha en el tercer señalamiento se limita a la proposición de que no es un requisito indispensable para la cancelación el no expresarse la medida superficial, no tenemos necesidad de discutir ahora la cuestión que de tal modo fué levantada.

La nota del registrador debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.